Ezequiel Forastieri, Plaintiff and Appellant, *v.* Antonio Longo and Ramón Díaz, Defendants and Appellees.

No. 7722. Argued April 21, 1939.—Decided June 24, 1939.

*Francisco González Fagundo,* for appellant. *Virgilio Brunet,* for appellees.

Mr. Justice De Jesús delivered the opinion of the Court.

On September 29, 1936, Ezequiel Forastieri filed this suit to recover the possession of certain tract of land located in the jurisdiction of Caguas. He alleged that within the year prior to the filing of the complaint he was in the possession of the tract of land of two acres (*cuerdas*) more or less, which is described further on; that on August 22, 1936, the defendants took hold of said tract of land, fencing it despite plaintiff's protest and that they refused to return its possession.

The complaint ends with a prayer that the plaintiff be reinstated in the possession of which he was deprived and the defendants be ordered to abstain in the future from doing any act tending to deprive plaintiff from the possession of said farm, warning them of contempt, and imposing the costs on the defendants.

The tract of land of which possesion plaintiff alleges that he was deprived, is described thus:

"Rural, tract of land consisting of two cuerdas more or less, located in the Ward Bairoa, in the municipality of Caguas, Puerto Rico, bounded on the North by the river Cagüitas, on the South by the rest of the principal farm of which it is a part, on the East by the Succession of Ramona Amalbert, and on the West by the principal farm of which it is a part."

The defendants answered denying for lack of information and belief that on August 22nd no on any other date the plaintiff or his predecessor in title had been in possession of the tract of land described in the complaint. They alleged to the contrary that they ordered several employees to reconstruct a fence on the boundary South and West of a tract of land of four *cuerdas* more or less, which is a part of the farm Santa Catalina, property of the defendant Antonio Longo and which is described as follows:

"Tract of land consisting of four cuerdas more or less, located in the Ward Bairoa, in the municipality of Caguas, Puerto Rico, bounding on the North with the river Cagüitas, on the South with a property of Mr. Ezequiel Forastieri, on the East with the Succession of Ramona Amalbert and on the West with a road that leads to the slaughter-house."

When the case was called for trial plaintiff requested the striking of that part of the answer which alleges that the defendants fenced the tract of four acres, alleging that said tract of land is a farm different from the one which is described in the complaint and that consequently it is immaterial to the issue the fact that the defendants are in posses-

sion of any other farm different from the one which is described in the complaint.

The defendants alleged that the tract of land to which the answer refers is the same which is described in the complaint, with the only difference that plaintiff erroneously calculates its surface in two *cuerdas,* when in reality the truth is that it has an area of four *cuerdas* more or less.

The motion to strike was overruled and the trial was held.

The evidence for both parties was heard and once an ocular view of the premises was made, judgment was entered dismissing the complaint and taxing the costs on the plaintiff, including attorney's fees which the court assessed in the amount of $100.

The plaintiff appealed, assigning to the trial court the commission of the following errors:

"*First:* The District Court of Humacao committed error in overruling plaintiff's motion requesting the striking of the second paragraph of the answer in that part which refers to the possession of a farm of four acres.

"*Second:* The judgment entered is not upheld by the evidence and the judge committed gross error in weighing the same.

"*Third:* The judgment is contrary to law and to the decisions of this Supreme Court."

■■ The first assignment of error is without merit. If, as alleged by the defendants and as it was shown by the evidence, the tract of land described in the answer is the same possession of which plaintiff claims, the defendants should not have denied the allegations of the complaint for lack of information and belief, as the fact of their being or not in the possession of a certain tract of land is one which is within their personal knowledge, and they do not need any information to admit or deny it; but as that was not the objection raised by plaintiff, and the evidence shows that the tract of land described in the complaint and in the answer is the same, with a difference in the area and a discrepancy as to one of the boundaries, a discrepancy which is clearly

200

explained by the defendants, we have to conclude that the trial court did not commit the error which plaintiff assigns to it in overruling as it overruled the motion to strike.

■ The two following errors can be considered jointly.

In this case we have not had the benefit of an opinion by the trial judge. The minutes taken during the ocular inspection do not appear in the record nor are the remarks which were made by the court in the course of the inspection stated in the judgment. It is well to state here the necessity and convenience that district judges base their judgments on opinions where they expound their findings of fact and conclusions of law. Not only do they help the appellate court in the study and decision of the issues raised by the parties, but what is still more important, they permit the party aggrieved by the judgment to know the reasons entertained by the court for refusing what he perhaps thought in good faith was the justice to which he was entitled. To this end it is said in an article published in the issue of the present month of June of the "Journal of the American Judicature Society," that the principal objective of judicial opinions is to satisfy the litigants, who have a right to have their contentions answered and considered. It is true that the author of the article refers to the opinions of the courts of last resort, but it is equally applicable to the courts of record of original jurisdiction whose findings of fact are accepted by the Supreme Court unless it is shown or it results from the record that the judge was influenced by bias, prejudice or partiality, or that he committed manifest error in weighing the evidence.

■ In any event, the transcript of the evidence reveals that there exists an irreconcilable conflict in the evidence, as while that for plaintiff tends to show that he was in possession of the tract of land in controversy until August 22, 1936, the evidence offered by the defendants is to the effect that they reconstructed an old fence in the same place where it had always existed and that defendant Longo had

constantly been in possession of the said parcel as an integral part of a farm of his property known as Santa Catalina.

The trial judge decided the conflict of the evidence in favor of the defendants and there existing no legal. reason that would justify a reversal of his criterion, we must accept it. This being so, the contention of the defendants must prevail. *Arzuaga* v. *Amador,* 50 P.R.R. 594; *Vázquez* v. *Díaz,* 51 P.R.R. 171.

The errors assigned by appellant not having been committed, the appeal must be dismissed and the judgment appealed from affirmed.

Mr. Justice Travieso took no part in the decision of this case.